IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LEE RONALD DAHMER and | ) |
| JUDITH ANN DAHMER, | )Bankruptcy Case No. 05-30488 |
| | )Chapter 7 |
| | ) |
| Debtors, | ) |
| | ) |
| LEE RONALD DAHMER and | ) |
| JUDITH ANN DAHMER | ) |
| | ) |
| Plaintiffs, | )Adv. Case No. 05-2037-DRD |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| STATE OF MISSOURI DEPARTMENT | ) |
| OF REVENUE | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The adversary proceeding before the Court is the complaint filed by Lee Ronald Dahmer and Judith Ann Dahmer ( "Plaintiffs") against the Internal Revenue Service (later substituted by the properly named defendant, the United States of America) ("IRS") and the Missouri Department of Revenue ("MDOR") pursuant to 11 U.S.C. § 523(a)(1) seeking a declaratory judgment that any tax debt owed by Plaintiffs to the IRS and the MDOR for the 1987 tax year is dischargeable and that any liens levied against Plaintiffs' property associated with that tax debt should be avoided by the Court or that said liens attach only to Plaintiffs' property as of the date of their bankruptcy filing. In their Answer, the IRS admits that the tax debt owed by Plaintiffs to the IRS for the 1987 tax year is dischargeable, but asserts that the Court has no authority to avoid a properly filed tax lien on

property. The MDOR asserts that, pursuant to 11 U.S.C. § 523(a)(1)(B)(i), Plaintiffs' 1987 tax debt is excepted from discharge because they failed to file an amended 1987 income tax return as required by Mo.Ann.Stat. § 143.601 (2005). Neither the MDOR nor the IRS disputes that their respective liens attach only to Plaintiffs' property as of the date of their bankruptcy filing.

The issues before the Court are: (1) whether Plaintiffs were required to file an amended tax return with the MDOR for the 1987 tax year; and (2) whether the Court has any authority to avoid properly perfected liens levied by the IRS and the MDOR against Plaintiffs' property as of the date of their bankruptcy filing. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) and (K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that Plaintiffs were not required to file an amended 1987 income tax return with the MDOR and, therefore, their debt to the MDOR for that year is dischargeable pursuant to 11 U.S.C. § 523(a)(1). The Court further finds that it has no authority to avoid the liens properly levied, by the MDOR and the IRS, against the Plaintiffs' property and that the liens attach only to Plaintiffs' property as of the date of their bankruptcy filing.

## I. FACTUAL BACKGROUND

Plaintiffs filed for relief under Chapter 7 of the United States Bankruptcy Code on April 11, 2005 ("Filing Date"). On June 21, 2005, Plaintiffs filed a complaint seeking a declaratory judgment that their liability to the IRS and the MDOR for the 1987 tax year is dischargeable under the Bankruptcy Code and to determine the validity of the federal and state tax liens against their property. The parties stipulated to the following facts and submitted the same to the Court to

determine the legal questions.[1]

Plaintiffs filed their original 1987 Missouri state tax returns with the MDOR on April 11, 1988. Plaintiffs did not file an amended 1987 state tax return. On December 15, 1993, the MDOR issued a Notice of Adjustment with respect to Plaintiffs' 1987 individual income tax return, notifying Plaintiffs of the following adjustments:

a. the adjustments were made because of federal adjustment information received from the IRS which also required adjustments to be made to the Missouri state tax return;

b. the amounts claimed as federal adjusted gross income of husband and/or wife were adjusted to: husband $183,798.00 and wife $4,306.00; and

c. the amount reportedly due from Plaintiffs was adjusted to $5,471.

On March 1, 1994, the MDOR issued a Notice of Deficiency to Plaintiffs pursuant to which the MDOR assessed a tax of $5,471.54, interest of $3,749.37 and additions of $273.58 for a total tax assessment of $9,494.49. On May 24, 1994, the MDOR issued a Notice of 10 Day Demand to Plaintiffs and on July 6, 1994 the MDOR issued a Final Notice to Plaintiffs. The MDOR subsequently issued four (4) Balance Due Notices. On May 16, 1996, the MDOR filed a Certificate of Tax Lien with the Recorder of Deeds in Vernon County, Missouri ("State Tax Lien"). The MDOR does not dispute that the State Tax Lien does not attach to and is ineffective against all property and rights to property of the Plaintiffs, acquired by them after the Filing Date.[2]

Plaintiffs filed their original 1987 federal tax returns with the IRS on or before April 15, 1988. Plaintiffs did not file an amended 1987 federal tax return. On June 25, 1993, a delegate of

---

[1] Unless otherwise noted, the facts recited in this opinion are taken from the Stipulation of Facts and Uncontested Issues filed by the parties in this matter.

[2] Memorandum of State of Missouri, Department of Revenue, p. 3.

the Secretary of the Treasury made a timely assessment against the Plaintiffs for unpaid federal income taxes for the 1987 taxable year. A Notice of Federal Tax Lien under Internal Revenue laws was filed against the Plaintiffs, with the Recorder of Deeds, Vernon County, Nevada, Missouri, on November 21, 1994 and re-filed on May 2, 2003, for the unpaid federal income tax for the 1987 taxable year ("Federal Tax Lien"). The parties have stipulated that the unpaid federal income tax, interest, and additions owed by the Plaintiffs for the 1987 taxable year are properly subject to discharge in this bankruptcy proceeding pursuant to §§ 523 and 727. The IRS also does not dispute that the Federal Tax Lien does not attach to and is ineffective against all property and rights to property of the Plaintiffs, acquired by them after the Filing Date.

## II. DISCUSSION AND ANALYSIS

### A. Missouri State Tax Liability

Pursuant to § 523(a)(1)(B)(i), a discharge does not relieve a debtor from liability for an income tax claim if a required tax return was not filed.[3] The Court must determine whether the Plaintiffs failed to file a *required return* pursuant to § 523(a)(1)(B)(i). The MDOR argues that the Plaintiffs were required to file an amended tax return after the MDOR received notice that the IRS had adjusted the Plaintiffs' income for 1987.[4] The MDOR relies on Mo.Ann.Stat. § 143.601 which

---

[3] Section 523(a)(1)(B)(i) states in relevant part:
A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
    (1) for a tax or a customs duty-
    (B) with respect to which a return if required-
    (i) was not filed; or
    (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition

[4] An amended tax return can constitute a required return under § 523(a)(1)(B)(i). *See Haywood III v. Illinois Dep't of Revenue (In re Haywood III)*, 62 B.R. 482, 485 (Bankr.Ill.1986); *Cohn v. Illinois Dep't of Revenue (In re Cohn)*, 96 B.R. 827, 828 (Bankr.N.D.Ill.1988).

states in relevant part:

> If the amount of a taxpayer's federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, or as the result of a renegotiation of a contract or subcontract with the United States, the taxpayer shall report such change or correction in federal taxable income within ninety days after the final determination of such change, correction, or renegotiation, or as otherwise required by the director of revenue. Each such report shall state whether and wherein the determination is believed to be erroneous.

Mo.Ann.Stat. § 143.601.

Plaintiffs contend that they were not required to file an amended tax return for 1987 because Mo.Ann.Stat. § 143.601 states only that a taxpayer must "report" the change in federal income, and that a "report" does not constitute a requirement to file an amended return. The later question is discussed below. On the former question, the MDOR argues that the Court must consider the Missouri Code of State Regulations, which provides additional guidance for taxpayers whose federal income has been adjusted. Specifically, the regulation upon which the MDOR relies states in relevant part:

> (1) In General. If the taxpayer's federal taxable income or federal tax reported on his/her federal income tax return is changed, the taxpayer shall file an amended return with the Department of Revenue reflecting the final determination.

12 CSR 10-2.105.

Plaintiffs' reply is that 12 CSR 10-2.105 (3)(A)-(F) includes six specific scenarios which could constitute a "final determination" under this regulation[5], none of which are satisfied by the

---

[5] 12 C.S.R. 10-2.105(3) states in pertinent part: For the purposes of this rule, the following shall be deemed a final determination:
(A) Payment of any additional federal income tax, not the subject of any other final determination described in subsections (3)(B)-(F) of this rule;
(B) The signing of a Federal Form 870 or other IRS form consenting to the deficiencies, accepting any over assessment shown on the form, or both.
(C) The expiration of the ninety (90)-day time period...within which a petition for redetermination may be filed with the United States Tax Court with respect to a statutory notice of deficiency issued by the IRS, if a petition is not filed with that court within that time;

stipulated facts in evidence. Here, the regulation defines what constitutes a "final determination" and identifies six specific situations which constitute such a "final determination." Thus, if any given factual situation is not described by one of the six subsections of subparagraph (3), then there has been no "final determination" creating an obligation to file an amended tax return. The regulation requires that the amended return reflect the "final determination." Obviously, if there has been no such "final determination," the amended return cannot reflect it. In addition, the regulation establishes the time period within which an amended return must be filed, specifying that it must occur within 90 days after the "final determination." If no "final determination" has occurred, that time period obviously never begins to run.

A review of the six scenarios set forth in the regulation reveals that only one of the scenarios is even arguably relevant to the undisputed facts in evidence. Paragraph (3)(C) of the regulation triggers a taxpayer's duty to file an amended tax return after the expiration of 90 days after a "statutory notice of deficiency *issued by the IRS*."[6] Here, while the MDOR issued such a notice, there are no facts in evidence which support a finding that the IRS ever issued a notice of deficiency (or any notices at all) to the Plaintiffs. The Court, therefore, cannot find that there was a "final determination," thus a requirement to file an amended tax return under the regulation was never

---

   (D) A closing agreement entered into with the IRS under Section 7121 of the Internal Revenue Code. The final determination shall occur when the taxpayer receives notice of the signing by the commissioner of internal revenue;
   (E) A decision by the United States Tax Court, United States District Court, United States Court of Appeals, United States Court of Claims or the United States Supreme Court which has become final, or the date the court approves a voluntary agreement stipulating disposition of the case; and
   (F) the allowance of a tentative carry back adjustment in accordance with Section 6411 of the IRC based on a net operating loss carry back.

   [6] 12 CSR 10-2.105(3)(C). (Emphasis added).

triggered. Because none of the other scenarios is even arguably relevant, the Court finds that the Plaintiffs did not have a duty to file an amended tax return under the regulation.

The Court now turns to the question of whether a state statute, which sets forth that a taxpayer shall "report" a change in federal income tax, is equivalent to a requirement to file an amended tax return. The Court notes that Congress may have been attempting to resolve this issue by its amendment to §523(a)(1)(B)[7] in 2005, however, because the former §523(a)(1)(B) was in effect as of the Filing Date, the Court must look to that version of the statute for guidance.

Several courts have held that a statutory requirement of a taxpayer to "report" a federal tax change is not equivalent to a requirement to file an amended tax return. For example, in *State of California Franchise Tax Board v. Jerauld,* 208 B.R. 183, 185 (9th Cir.BAP (Cal.) 1997), the Ninth Circuit affirmed a finding that a debtor's failure to report to the State of California, Franchise Tax Board a change in the debtor's federal taxes did not constitute a failure to file a required return under §523(a)(1)(B)(i). In that case, as in the case at bar, the debtor did not file an amended tax return or any sort of "report" of changes in his federal income. *Id.* The State of California, Franchise Tax Board urged the Court to follow an opinion from New York which essentially held that a failure to comply with a statutory reporting requirement, whether it be an amended tax return or some other form of report, justifies the denial of discharge of a tax claim under § 523(a)(1)(B)(i). *See Butler v. United States Dep't of I.R.S. (In re Butler)*, 177 B.R. 209, 211 (Bankr.S.D.N.Y.1995). The Ninth Circuit rejected the reasoning in *Bulter*, holding that because the language used to describe the exception in § 523(a)(1)(B)(i), specifically the word "return," is clear and unambiguous, the Court's

---

[7] 11 U.S.C. § 523(a)(1)(B) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to read in relevant part: a discharge...does not discharge an individual debtor from any debt...for a tax...(B) with respect to which a return, *or equivalent report or notice*, if required...was not filed. (Emphasis added).

only duty is to enforce the statue, not to expand on the meaning of "return" thereby carving out additional exceptions to discharge. *See Jerauld*, 208 B.R at 188. Statutory exceptions to discharge should be strictly construed in order to serve the Bankruptcy Code's purpose of giving debtors a fresh start. *Id.*; *see also Jafarpour v. Shahrokhi (In re Shahrokhi)*, 266 B.R. 702, 707 (8th Cir. BAP 2001); *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848, 853 (8th Cir.1997), *aff'd* 118 S.Ct. 974 (U.S.Mo.1998); *Kansas Bankers Surety Co., v. Eggleston (In re Eggleston)*, 243 B.R. 365, 371 (W.D. Mo.2000).

In *Blackwell v. Commonwealth of Virginia Dep't. of Taxation,* 115 B.R. 86, 89 (Bankr. W.D.Va.1990), the Court interpreted a statute very similar to Mo.Ann.Stat. § 143.601 and found that a requirement that a taxpayer "shall report" a change in federal income was not the equivalent of a requirement to file an amended tax return. As in *Jerauld*, the *Blackwell* Court noted that the function of the courts was to interpret and enforce statutes as written, not to rewrite or correct them. *See Blackwell*, 115 B.R. at 89. Additionally, the *Blackwell* Court noted that the purpose behind § 523(a)(1)(B)(i) was to "except from discharge taxes to which a debtor willfully attempted to evade or defeat by not filing a return." *Id.* As in *Jerauld* and *Blackwell*, the facts here do not indicate that Plaintiffs' failure to comply with Mo.Ann.Stat. § 143.601 was motivated by an attempt to avoid paying any additional state tax. Moreover, the IRS does not allege any fraud or wrongdoing by Plaintiffs in connection with their 1987 tax liability. Because the Court finds that 12 CSR 10-2.105 was not triggered by the facts in evidence in this case, and that the phrase "shall report" contained in Mo.Ann.Stat. § 143.601 is not the equivalent of a requirement to file an amended tax return, Plaintiffs did not fail to file a required return under § 523(a)(1)(B)(i) and therefore their debt to the MDOR for the 1987 tax year is dischargeable pursuant to § 523(a)(1).

**B. Federal and State of Missouri Tax Liens**

The parties have stipulated to the validity of the Federal and State Tax Liens filed by the IRS and the MDOR respectively.[8] Plaintiffs, without any supporting authority, urge the Court to avoid the liens levied against Plaintiffs' property by both the MDOR and the IRS. By taking the steps necessary to obtain a tax lien, the IRS and the MDOR became secured creditors of the Plaintiffs under § 506(a). A valid pre-petition lien survives bankruptcy even if the obligation that was the basis for the lien is discharged in the bankruptcy. *See In re Hanson*, 132 B.R. 406, 409 (Bankr.E.D.Mo.1991). Based on the foregoing, this Court has no authority to declare the liens levied by the IRS and the MDOR invalid. The parties' stipulation, that the liens levied by the MDOR and the IRS in connection with the Plaintiffs' 1987 tax debt, do not attach to and are ineffective against all property and rights to property of the Plaintiffs acquired after the Filing Date, is in accordance with well-settled bankruptcy and Missouri law.

### III. CONCLUSION AND ORDER

For all the reasons cited above, the Court finds that: (1) the Plaintiffs' tax debt to the MDOR and to the IRS for the 1987 tax year is dischargeable pursuant to 11 U.S.C. § 523(a)(1); (2) that the Court has no authority to avoid the liens levied by the MDOR and the IRS against Plaintiffs' property as of the Filing Date; and (3) that the liens levied by the MDOR and the IRS in connection with the Plaintiffs' 1987 tax debt do not attach to and are ineffective against all property and rights to property of the Plaintiffs acquired after the Filing Date.

---

[8] Stipulation of Facts and Uncontested Issues, ¶'s 13, 14, 23.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:     January 23, 2006           /s/ Dennis R. Dow
                                                          THE HONORABLE DENNIS R. DOW
                                                          UNITED STATES BANKRUPTCY JUDGE